**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

ORLANDO BACA,

    Plaintiff,

v.             CIV 99-777 MV/KBM

KENNETH S. APFEL,
Commissioner of Social Security,

    Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDING AND RECOMMENDED DISPOSITION

  This matter is before the Court on Plaintiff's (Baca's) Motion to Reverse or Remand the Administrative Agency Decision *(Doc. 7)*.   The Commissioner issued a final decision denying Baca's application for a period of disability and for disability insurance benefits.  The issue presented is whether remand is appropriate or if an outright reversal and award of benefits is warranted.  Having considered the arguments, pleadings, administrative record and relevant law, I recommend that the case be remanded for further proceedings.

### A.  Facts/Background.

  Baca, now 63 years old, was a bus driver for the City of Albuquerque for 20 years until he injured his back twice in 1985.  Since that time, he has not engaged in substantial gainful activity. *AR 233*.  Diagnosis of Baca's injuries included a bulging disc at L3-4 and disc degeneration at L4-5 and at L5-S1.  *AR 152, 154*.   The ALJ concluded that Baca could perform light work and was

1

therefore not disabled.  The parties do not dispute the essential facts, only the way the administrative law judge (ALJ) applied the law to them.  The Appeals Council declined review of the ALJ's decision, making it the Commissioner's final decision for purposes of review under 42 U.S.C. § 405(g).

### B.  Standard of Review and Applicable Law

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether he applied correct legal standards. *Hamilton v. Secretary of Health and Human Servs.*, 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).

To qualify for disability insurance benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months, which prevents the claimant from engaging in substantial gainful activity.  *Thompson v. Sullivan*, 987 F.2d 1482, 1486 (10th Cir. 1993) (construing 42 U.S.C. § 423(d)(1)(A)).  The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications.  20 C.F.R. § 404.1520 (a-f) and 416.920 (a-f).  The sequential evaluation process ends if at any step the Commissioner finds that the claimant is or is not disabled.  *Thompson*, 987 F.2d at 1486.

At the first four levels of the sequential evaluation process, the claimant must show that (1) he is not engaged in substantial gainful employment; (2) he has an impairment or combination of impairments severe enough to limit his ability to do basic work activities; (3) his impairment

meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1; or (4) he is unable to perform work he had done in the past. 20 C.F.R. §§ 404.1520 and 416.920. At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show that the claimant can perform other substantial gainful activity considering his residual functional capacity, age, education, and prior work experience. *Id.* Baca argues that the ALJ erred at step five in misapplying the Medical Vocational Guidelines (Grids) and arriving at the conclusion that Baca could do light work.

## C.  Discussion

The present dispute centers on whether remand or outright reversal is warranted. Baca argues for reversal, asserting that no further factual development is necessary. The Commissioner responds that the Court would improperly have to reweigh the evidence or substitute its discretion for the Commissioner's in order to reverse the decision. *See Glass v. Shalala,* 43 F.3d 1392, 1395 (10th Cir. 1994).

### 1.  *The ALJ erred in discounting Baca's allegations of pain.*

The ALJ's credibility determination, or lack of it, was the route by which she discounted Baca's nonexertional limitations, and then relied on the Grids to determine he was not disabled. *AR 21. See Talbot v. Heckler*, 814 F.2d 1456, 1461 (10th Cir. 1987) (court viewed lack of express credibility determination with skeptical eye). My review of the record, however, turned up no specific reason to disbelieve Baca's testimony about his pain, such as his having to stay in bed for three or four days after cleaning his apartment. *See, e.g. AR 46, 212-25.* On the contrary, the record shows that he was straightforward about his symptoms, *AR 156, 235*, and not one doctor hinted that he was magnifying his symptoms.

Credibility determinations must be closely tied to substantial evidence in the record, something that is utterly absent here. *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (citation omitted).  Accordingly, because the ALJ erred in her credibility determination, her step five analysis was invalid because it improperly assumed no nonexertional impairments.

2. *The ALJ's reliance on the report of the physical therapist.*

Physical therapist MaryBeth Plummer opined that Plaintiff could perform light work. "Light work" under Social Security rules

> requires a good deal of walking or standing -- the primary difference between sedentary and most light jobs. . . .  [T]he full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday. Sitting may occur intermittently during the remaining time.

Social Security Rule 83-10; *see also* 20 C.F.R. 404.1567(b).  Plummer found in an eight hour day, that Baca could sit for total of four hours, and walk or stand for a total of seven hours. These findings would support a "light work" capability.

Baca, relying on Social Security Ruling 83-10, argues that "light work" also requires the ability to walk or stand for ***two hours at a time*** in an eight-hour day.  The physical therapist, however, found that at <u>any one time</u>, Plaintiff could sit for only one-half hour, and stand or walk for only one hour.[1]  A required finding of no more than "sedentary work" capacity would dictate a determination that Baca was disabled because he was approaching advanced age.  On that basis, reversal rather than remand would be appropriate.

After reviewing SSR 83-10, I am unable to discern any such "two hours at a time"

---

[1]  The therapist actually observed that Baca walk nine minutes at a speed of 2.6 miles per hour.  It is unclear from the record that the nine minute walking interval was all that Plaintiff could tolerate.

4

limitation in the language of that Ruling.[2]  Thus, contrary to Plaintiff's position, exertional

limitations such as those noted in the RFC and physical therapist's report do not preclude a

finding of light work capability.  *See Adams v. Bowen*, 652 F. Supp. 139, 142 (N.D. Ill. 1986)

(although not able to stand more than two hours *at a time*, the claimant could walk and stand for

up to four hours *a day*, thus the claimant was able to do light work). Thus, Baca's reliance upon

SSR 83-10 for outright reversal is misplaced.

### 3.  *Remand is appropriate.*

Clearly, the inability to tolerate a long period of sitting, standing or walking indicates that

Baca is unable to perform the full range of positions under the category of light work.  Thus, the

grids could not be conclusively applied.  The limitations noted by the physical therapist and the

RFC assessment seem to be addressed by yet another social security ruling.

> In some disability claims, the medical facts lead to an assessment of RFC which is
> compatible with the performance of either sedentary or light work except that the
> person must alternate periods of sitting and standing. The individual may be able to
> sit for a time, but must then get up and stand or walk for awhile before returning
> to sitting. Such an individual is not functionally capable of doing either the
> prolonged sitting contemplated in the definition of sedentary work (and for the
> relatively few light jobs which are performed primarily in a seated position) or the
> prolonged standing or walking contemplated for most light work. (Persons who
> can adjust to any need to vary sitting and standing by doing so at breaks, lunch
> periods, etc., would still be able to perform a defined range of work.)

Social Security Rule 83-12; *see also Talbot v. Heckler*, 814 F.2d 1456, 1464, n.6 (10th Cir.

1987).   On remand, the ALJ should consider what effect Baca's limitations and need to alternate

positions would have on his ability to perform light work.  Because the ALJ will perform a new

---

[2]  My research has uncovered no other authority for that proposition.  Perhaps the
confusion arises from the declaration that for sedentary work "periods of standing or walking
should generally total no more than about 2 hours of an 8-hour workday. . . ."  *See* SSR 83-10.

step-five analysis, the ALJ should also call a vocational expert to testify as to the availability of jobs in the economy that would accommodate such limitations.

### C.  Conclusion.

Based on the foregoing, I recommend that the Court remand the case to the Commissioner for further proceedings.  On remand, the Commissioner will perform a proper credibility determination and a step five analysis that takes into account Baca's pain to the extent his testimony about it is credible.  A vocational expert should testify as to the availability of jobs in the economy that would accommodate Baca's demonstrated limitations.  Of course, if the Commissioner finds that Baca is disabled, he will award the appropriate benefits.

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the United States District Court pursuant to 28 U.S.C. § 636 (b)(1).  **A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

---

UNITED STATES MAGISTRATE JUDGE


Counsel for Plaintiff:          Barbara Jarvis
                                Albuquerque, NM

Counsel for Defendant:          James Sides
                                Dallas, TX

                                Raymond Hamilton
                                Albuquerque, NM

6